UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

JOHN DOE subscriber assigned
IP address 108.11.13.209,

        Defendant.

1:21-cv-17860-NLH-MJS

**OPINION**

---

**APPEARANCES:**

JOHN C. ATKIN
THE ATKIN FIRM, LLC
55 MADISON AVENUE, SUITE 400
MORRISTOWN, NJ 07960

    *On behalf of Plaintiff*

FLANN LIPPINCOTT
LIPPINCOTT IP LLC
475 WALL ST.
PRINCETON, NJ 08540

    *On behalf of Defendant*

**HILLMAN**, District Judge

This matter has come before the Court by way of a joint motion to seal certain materials pursuant to Local Civil Rule 5.3, filed on April 21, 2022.  (ECF No. 21).  This Court notes that Strike 3 Holdings, LLC ("Plaintiff") and John Doe subscriber assigned IP address 108.11.13.209 ("Defendant") (collectively, the "Parties") have "amicably resolved this

matter," and once an entry on this Motion has been made, Plaintiff has agreed to dismiss its claim with prejudice. (ECF No. 21 at 2-3). This Court decides this matter pursuant to Federal Rules of Civil Procedure 78(b), and after considering the Parties' submission, for the reasons that follow, Parties' motion to seal will be denied.

## BACKGROUND

This is one of several cases filed by Plaintiff as the purported owner of copyrights in "adult motion pictures," whereby Plaintiff alleges copyright infringement. Strike 3 Holdings, LLC v. Doe, No. 20-14321, 2021 U.S. Dist. LEXIS 254194, at *9-10 (D.N.J. Dec. 22, 2021). Plaintiff filed their complaint in this matter on September 30, 2021, and after various extensions and motions related to discovery, Plaintiff filed their second amended complaint on March 2, 2022, alleging that Defendant downloaded 24 copyrighted works without authorization via BitTorrent protocol and distributed them to others. (ECF No. 12 at 2). Plaintiff proceeded through discovery under a protective order pursuant to Federal Rule of Civil Procedure 26(f), which allowed Plaintiff to apply the John Doe pseudonym to the caption and to file certain documents with redactions. (ECF No. 5 at 4-5). Now, at the close of this case, the Parties have filed a joint motion to seal certain materials pursuant to Local Civil Rule 5.3. (ECF No. 21).

2

## DISCUSSION

### I. Jurisdiction

This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1338.

### II. Local Civil Rule 5.3

Local Civil Rule 5.3 has several requirements that the Parties must address for a court in this District to restrict public access to court documents:

> (a) the nature of materials or the proceedings at issue;
> (b) the legitimate private or public interest which warrants the relief sought;
> (c) the clearly defined and serious injury that would result of the relief sought is not granted;
> (d) why a less restrictive alternative to the relief sought is not available;
> (e) any prior order sealing the same materials in the pending action; and
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(2). The party moving to seal must submit a proposed order that contains proposed findings of fact and conclusions of law. Id.

The Court notes that while litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings. In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 924 F.3d 662, 670-74 (3d Cir. 2019). When discovery materials are filed as court documents, a more

rigorous common law right of access is applied. Id. at 670. "In addition to recognizing fewer reasons to justify the sealing of court records, the public right of access — unlike a Rule 26 inquiry — begins with a presumption in favor of public access." Id. To rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" Boehringer Ingelheim Pharma GmbH & Co. v. Mylan Pharms., No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976(1987)).

### III. Analysis

The parties have filed a joint motion to seal certain materials pursuant to Local Civil Rule 5.3 to permanently restrict public access to portions of the amended complaint, amended civil cover sheet, summons returned executed, and a declaration of John Doe, which are currently redacted pursuant to the protective order granted during discovery. (ECF No. 21 at 2; ECF No. 5).

4

The Court has reviewed the documents that are the subject of the motion to seal and concludes that sealing is not warranted because the Court finds that the Parties did not fully satisfy the factors set forth in L. Civ. R. 5.3(c).

The Parties provided a declaration, index, and a proposed order giving an overview of the nature of materials and the proceedings at issue: to seal the Defendant's name and address in selected documents because the nature of the proceedings involves adult material. (ECF No. 21). The request to seal is the least restrictive method to keep the Defendant's identity anonymous, as it would only redact Defendant's name and address, leaving the rest of the documents open to the public eye. (Id. at 4-8).

However, there is a "strong presumption" of full openness of judicial records, a common law right of access that is "beyond dispute." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (citing Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)); United States v. Criden, 648 F.2d 814, 819 (3d Cir. 1981) (Criden I)). "The party seeking to seal any part of a judicial record bears a heavy burden of showing that disclosure of the record will 'work a clearly defined and serious injury to the party seeking closure.'" Miller, 16 F.3d at 551 (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). While this presumption of openness is

Case 1:21-cv-17860-NLH-MJS   Document 24   Filed 06/23/22   Page 6 of 10 PageID: 209

rebuttable and not absolute, the injury must be serious enough to overcome considerations related to maintaining the public's confidence in the judicial system. Goldstein v. Forbes (In Re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotations omitted). Specificity of the injury to be prevented is essential, and broad allegations of harm are insufficient. Id. at 194.

Parties describe the basis for sealing as: the potential of Defendant's present and prospective employers discovering Defendant's involvement in this case resulting in adverse employment consequences, his reputation becoming irreparably tarnished, and financial losses. (ECF No. 21 at 4-8). While embarrassment is a consideration in favor of sealing, courts have denied motions to seal based solely on embarrassing information or general financial records. See Gratz College v. Synergis Educ. Inc., No. 14-06966, 2015 U.S. Dist. LEXIS 173148, at *7-8 (E.D. Pa. Dec. 30, 2015) (citing e.g., Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994) ("While preventing embarrassment may be a factor satisfying the 'good cause' standard, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious."); Rose v. Rothrock, No. 08-3884, 2009 WL 1175614, at *8 (E.D. Pa. Apr. 29, 2009) ("If mere embarrassment were enough, countless pleadings as well as other

6

judicial records would be kept from public view."). In this case, the Parties have only alleged the possibility of harm if the identity of the Defendant is somehow retrieved from court records and disseminated by the press. (ECF No. 21 at 4-8). The generality of this harm is not sufficient to overcome the presumption of access to court records. See Rossi v. Schlarbaum, No. 07-3792, 2008 WL 222323, at *3 (E.D. Pa. Jan. 25, 2008).

    This Court notes that the same materials in the pending motion have been filed in their redacted form per a protective order entered during expedited discovery. (ECF No. 5). Though these documents have been subject to a protective order, it does not necessarily mean that the documents automatically qualify to remain sealed. Brooks v. Wal-Mart Stores, Inc., No. 18-1428, 2020 WL 1969937, at *7 (D.N.J. Apr. 24, 2020). In this matter, Plaintiff was allowed to proceed with initial discovery under a protective order because of the risk of misidentification that may occur (in relation to the link that may or may not exist between a copyright infringer and the IP address that is used to perform that infringement). (ECF No. 5 at 4; see also Strike 3 Holdings, LLC v. Doe, Nos. 18-2674, 2020 WL 3567282, at *1-3, 10 (D.N.J. Jun. 30, 2020) (discussing the mechanics of tracking an infringer who uses peer-to-peer filing networks and the concern regarding misidentification).

7

Those conditions that warranted the temporary restriction of public access are no longer as compelling now that the Defendant has been identified and is part of this action. (ECF No. 21).[1] In balancing the potential injury to the Defendant if their information becomes publicly available versus the public interest in access to judicial proceedings, the Court finds that the public interest outweighs Defendant's privacy interest.

The Court makes this one final observation. Some courts have reactively negatively to infringement actions like this one brought both in this District and elsewhere by this Plaintiff. One court has even gone so far as to describe them as an extortion racket by a so-called copyright troll seeking to compel settlements through the threat of exposing in a public forum a Defendant's downloading of pornographic materials. Strike 3 Holdings, LLC v. Doe, 351 F. Supp. 3d 160 (D.C. Cir. 2018). This Court has taken a different tack, allowing these cases to proceed under what it believes should be a non-controversial theory: this Court does not have the authority to act as a gatekeeper barring otherwise valid copyright owners access to the courts simply because of the distasteful content of their intellectual property or how it was acquired. Strike 3

---

[1] The Court notes that, while Defendant has been identified by Plaintiff as the individual allegedly responsible for the copyright infringement at issue, Defendant denies these allegations. (ECF No. 21 at 9).

Holdings, LLC v. Doe, 1:18-cv-2674, 2020 WL 3567282, at *10-11 (D.N.J. June 30, 2020).  Such policy matters on the breadth of copyright protection should be left to the legislative branch in a manner consistent with the Constitutional directive to provide a limited monopoly to the creative industries of society.

But this does not mean that those who have criticized these cases have not raised legitimate concerns; concerns highlighted by the motion now before this Court.  If this Court were to seal the materials identifying the Defendant now upon a joint application of the parties, after the services of this Court were used to identify a potential infringer and a settlement reached, it would not be unreasonable for someone to have the impression that some form of extortion is indeed part of the game here and even worse that the Court harbors and facilitates it.

To be clear, the Court does not suggest that Plaintiff or its counsel have acted improperly, and certainly one cannot fault the Defendant for wishing to remain anonymous.  But this Court should take no action that lends itself to the impression that this Court fosters, promotes or shelters a dispute resolution mechanism that pegs the price for that anonymity as the amount of damages sought by the Plaintiff.  Plaintiff may bring these actions and Defendants, if identified, may defend them but the process of this public taxpayer-funded court should

be as transparent and open for all the world to see as the law provides.  Accordingly, in this procedural posture, the Court will deny the Parties' joint motion to seal.

## **CONCLUSION**

This Court does not find sufficient basis to seal per the Parties' joint motion.  This Court has repeatedly emphasized the public interest in disclosure of materials filed on this Court's docket, which often outweighs private interests in confidentiality, as it does in this case.  The Court is funded by the public and does not sit, in general, to resolve private disputes in secret.  Thus, the Parties' joint motion to seal certain materials will therefore be denied.

An appropriate Order will be entered.

Date: June 23, 2022          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.